BOLIN, Judge.
Plaintiff brought suit as the payee on a promissory note in the sum of $2,500 executed by Fred Morgan on behalf of the partnership of Morgan Brothers. Upon failure to pay same, suit was instituted against the partnership and its individual members. From an adverse judgment, defendant partnership and its individual members have appealed.
This case presents largely a question of fact. The trial judge did not assign written reasons for his judgment so we will briefly *694 state the facts as we find them to be. Plaintiff, a real estate broker in Madison Parish, Louisiana, working with Dave Pearce, a Baton Rouge realtor, was instrumental in selling a plantation owned by Lee Hawkins to defendants for a total consideration of $300,000. As commission, plaintiff received $5,000 by check from Hawkins which was divided with Pearce. As Hawkins had informed plaintiff that the above sum was all the commission he would pay, Wood secured from defendants as additional commission two notes of $2,500 each. One of these he delivered to Pearce, and by this action seeks- collection of the remaining note representing his portion of defendant’s contribution to the total commission for the sale.
The defense is based upon a plea of want of consideration, which derives from the contention of defendants that their agreement to payi commission, evidenced by the two notes, was procured by fraud and misrepresentation on the part of plaintiff by which they were led to believe that their vendor had refused to pay any commission. Defendants urge that it was some time after the conclusion of the sale when they discovered that plaintiff was collecting a commission from both parties. In the alternative, defendants have pleaded failure of consideration based upon an allegation of a failure to perform certain enunciated obligations placed upon plaintiff. We will first dispose of the charge of fraud as tendered by defendants. This being almost exclusively a factual matter, we deem it necessary to briefly comment on the record as it relates to such a charge. Prior to any contact between plaintiff and defendant, Lee Hawkins listed his Madison Parish plantation with plaintiff for sale. This listing was verbal and Hawkins stipulated he would pay only a $5,000 commission and any additional commission would have to be collected from the purchaser. Plaintiff advised Mr. Pearce the property was for sale and further advised him that any commission over the $5,000 would have to be collected from a purchaser. Thereafter, in June, 1957, defendants engaged Mr. Pearce to locate land for them suitable for rice farming. Pursuant to this employment, Pearce brought defendants to Madison Parish and introduced them to Wood. Clearly, at this stage of the negotiations, Pearce represented the Morgans and Wood represented Hawkins, the seller. This relationship, so the record reveals, was obvious and fully disclosed.
At the trial, plaintiff stated he did not recall specifically telling defendants they would be required to pay a commission. However, he did recall advising Pearce of this and all other details of the transaction. The testimony of Mr. Pearce corroborates Wood fully on this point. Mr. Pearce stated:
“ * * * it was nothing secret to me, because Mr. Wood and I discussed it very frankly, in fact Mr. Wood called me between the two transactions after they had signed a purchase agreement saying they were not able they didn’t think to pay their part would I accept the note and I said I would.”
The only testimony indicative of any deception is that of Mr. Fred Morgan, a defendant. Morgan testified that Wood advised him the Morgans would have to pay a $5,000 commission as the vendor would not pay a commission. Morgan went on to state he was very unhappy as he had always thought the seller paid any commission. Yet Morgan apparently did not complain or discuss the matter with Mr. Pearce at any time during the negotiations. Further, Wood specifically denied making such statements to defendants and the record convinces us that Wood fully advised Pearce, defendant’s agent, at all times during the negotiations.
Defendants make much of the notation on the seller’s check for his share of the commission to the effect that such was payment in full. Obviously, this was for the protection of Hawkins as the commission was much less than the customary 5%, and is no way indicative he was led to believe *695 this was the only commission to he paid. In fact, he well knew that he had stated he would pay no more than $5,000 and any increased amount would have to come from elsewhere.
Defendants have also cited and quoted at length from LSA-R.S. 37:1454. This statute sets forth the grounds for suspension or revocation of a realtor’s license with particular reference to undisclosed dual representation. We think the record fails to show any violation of the statute. Furthermore, it is our opinion that the statute in no way controls the civil responsibility of parties to a real estate transaction, but is legislation pertaining only to the control of realtors by the state board by setting forth causes for suspension or revocation of a realtor’s license.
It is axiomatic that one alleging fraud carries the burden of proving same by clear and convincing proof. Buxton v. McKendrick, 223 La. 62, 64 So.2d 844 (1953); Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (1952). We think defendants herein have failed to carry this burden of proof. Moreover, we think the record clearly shows the absence of any fraud or misrepresentation by plaintiff. We have concluded the plaintiff acted above board at all times with defendants and if they did not fully comprehend that a dual realtor’s fees was being charged, it was not because of any fraudulent practices of plaintiff.
Therefore, we believe the primary issue remaining, is whether there was consideration flowing between plaintiff and defendants to support the notes issued. In this connection, LSA-R.S. 7:24 provides:
“Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.”
.And LSA-R.S. 7:25 states:
“Value is any consideration sufficient to support a simple contract.
“An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.”
 The evidence relating to this issue shows that Mr. Pearce, the Baton Rouge realtor, knew of the situation concerning the payment of the commission. The record discloses that he returned the note given to him in return of valuable services rendered to him by defendants. The nature of these services was immaterial and was not made clear. Moreover, plaintiff, so we are convinced, rendered services to defendants in consummating the sale of sufficient value to constitute valuable consideration for the notes. Furthermore, the total commission received was very reasonable and fair as the usual sum on such a sale would be 5% of the total sale price, or $15,000. The burden of proving want of consideration rested with defendants and we are satisfied that such evidence in the record is insufficient to overcome prima facie presumption that the notes were issued for a valuable consideration. This is especially so as we have concluded plaintiff has proved a valid consideration for the notes sued on even if the ultimate burden of proving consideration had been placed upon plaintiff. Giannopulos v. Philips, (La.App. 4 Cir., 1961) 129 So.2d 306.
Left for our consideration is defendants’ alternative defense of failure of consideration. Defendants contend that certain equipment was meant to be included in the purchase of the plantation and was removed by the seller after the sale. However, the record does not disclose any connection of plaintiff with this matter and, therefore, this defense is also without merit.
For the reasons assigned, the judgment is affirmed at appellants’ cost.
Affirmed.